## CHARLES E. LEVY *v.* F. M. HOLBERG.

1. CLAIMANT'S ISSUE.   *Evidence.   Res inter alios acta.*

    On an issue to try the right to horses seized under execution against claim-
    ant's husband, testimony of an express agent, based on an entry on his
    books of a remittance, in the husband's name, to pay for the horses, is
    not competent, where it is not shown that the entry was made by the
    direction of the husband or one acting for him.

2. SAME.   *Evidence.   Unauthorized entries.*

    On such trial, evidence of the entry of one of the horses on the books of a
    fair association, in the name of the husband, was properly excluded, it
    not appearing that he was instrumental in having the entry made.

3. EVIDENCE.   *Declarations against interest.   Party in possession.*

    Declarations by the defendant against his interest and as to the wife's
    ownership, made before levy of the execution, and while the horses
    were in the joint possession of himself and wife, were properly admitted
    as against the plaintiff seeking to subject the property as his. , *Sharp* v.
    *Maxwell*, 30 Miss., 589.

4. PRACTICE.   *Instructions.   Weight of evidence.*

    Instructions that single out and emphasize parts of the testimony are er-
    roneous, as being on the weight of evidence.

FROM the circuit court of Noxubee county.

HON. S. H. TERRAL, Judge.

Charles E. Levy, a judgment creditor of Moses Holberg,
caused execution to be levied on two horses as the property
of said debtor.   Mrs. F. M. Holberg, the wife of Moses Hol-
berg, interposed a claim to the horses, and the issue made
thereon was tried, resulting in a verdict for the plaintiff.   On
motion for a new trial this verdict was set aside, and the case
was again tried, resulting in a verdict and judgment in favor
of the claimant, from which Levy appeals.   The questions
decided sufficiently appear from the statement of facts in
the opinion.

By the sixth and seventh instructions asked by plaintiff, and which this court holds were properly refused, the jury was informed that if it believed from the evidence that the money to pay for the horses was sent in the name of Moses Holberg, and if, before the levy of the execution, the horses were assessed for taxation as the property of Moses Holberg, and, after the levy, as the property of the claimant, the jury might take these circumstances into consideration in determining whether the horses belonged to the defendant in execution or the claimant.

*Rives & Rives*, for the appellant.

The entry on the books of the express company was competent, if not as primary, at least as secondary, evidence. *Bookout* v. *Shannon*, 59 Miss., 379.

It was error to set aside the first verdict. The case had been fairly presented to the jury, both on the evidence and the law, and, while the evidence for the plaintiff was mainly circumstantial, the jury deemed it sufficient to show title to the horses in Holberg.

It was error to permit Scott to testify as to conversations he had with defendant. It was likewise error to exclude the testimony of Tyson as to the entry of one of the horses on the books of the fair association in the name of M. Holberg.

The sixth and seventh instructions for the plaintiff should have been given. They announce the law correctly, and the evidence made them proper in this case. The fourth and fifth instructions for the plaintiff should have been given as asked.

*A. C. Bogle*, for appellee.

1. There was no evidence that either M. Holberg or F. M. Holberg knew that the horse was entered at the fair in the name of the former. All that Tyson knew about the matter was that the name of M. Holberg appeared on the books of the fair association. These books were not public records, and could bind nobody.

2. The testimony of Scott as to declarations by Holberg that his wife owned the horses was competent. Plaintiff had sought to show that Holberg exercised acts of ownership over the horses, and claimed them. It was proper for claimant to show, in rebuttal, that before any levy was made on the horses, or any adverse claim asserted, Holberg admitted his wife's ownership.

3. So far as the testimony shows, neither M. Holberg nor F. M. Holberg had any connection with the entry on the books of the express company. The evidence of Phelps as to such entry was incompetent. The entry was neither an act nor an admission by M. or F. M. Holberg.

4. Any other verdict than one for the claimant would have been set aside as contrary to the evidence. The effort to show ownership of the horses in M. Holberg wholly failed.

WOODS, J., delivered the opinion of the court.

The action of the trial court in setting aside the verdict of the jury and in awarding a new hearing, was not erroneous. The testimony of Phelps, the express company's agent at Macon, was incompetent. He showed that his entry of the money on his books in the name of M. Holberg, was his own act, done without direction or suggestion from M. Holberg, or any one representing him. To fix title, or to attempt to fix title to the horses in M. Holberg by Phelps' action, was manifestly inadmissible, and this the court's action tended to do on the first trial.

But, moreover, the overwhelming weight of the evidence preponderated in favor of Mrs. Holberg's claim of ownership. The opposing evidence consisted of a few inconclusive circumstances, and was not sufficient to support the verdict.

We find no reversible error in any of the rulings of the court on the final trial.

The testimony of J. A. Tyson was properly excluded. The witness only offered to show what the book of entries of the fair association showed as to the entry of one of the

horses in the name of M. Holberg. He did not offer to show that M. Holberg had any instrumentality in having that entry made, and the evidence was properly ruled out.

The testimony of F. T. Scott was admissible. It showed the declarations of M. Holberg as to the title to the horses; and these declarations, thus made by the husband while the horses were in his possession, or rather in the possession of himself and his wife, as to the ownership of the property, are admissible against him and against those claiming under him. They were declarations against his own interest, made by the husband when in possession of the property now sought to be subjected to payment of his debts as his property. Clearly, the declarations would have been admissible against M. Holberg himself; and to us it seems equally clear that they were properly admitted against his creditors—those claiming under him. *Sharp* v. *Maxwell*, 30 Miss., 589.

The action of the court on the charges was correct. The modifications of the fourth and fifth charges of plaintiff were harmless; and the refusal of the sixth and seventh charges of plaintiff was not error. It was simply a refusal of the court to point out and emphasize segregated pieces of evidence, and this we have more than once pronounced commendable.

*Affirmed.*